FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 28, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RON S. O/B/O DANA S. (DECEASED),<br><br>                              Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY,<br><br>                              Defendant. | NO:  1:21-CV-03075-LRS<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 16, 17.  This matter was submitted for consideration without oral argument.  Plaintiff is represented by attorney D. James Tree.  Defendant is represented by Special Assistant United States Attorney Katherine B. Watson.  The

ORDER - 1

Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, Plaintiff's Motion, ECF No. 12, is granted in part and Defendant's Motion, ECF No. 13, is granted in part and denied in part.

## JURISDICTION

Dana S. [1] (Plaintiff) filed for disability insurance benefits and supplemental security income on May 23, 2016, alleging in both applications an onset date of November 1, 2014.  Tr. 291-301.  Benefits were denied initially, Tr. 185-91, and upon reconsideration, Tr. 194-206.  Plaintiff appeared at a hearing before an administrative law judge (ALJ) on June 21, 2018.  Tr. 65-89.  On August 20, 2018, the ALJ issued an unfavorable decision, Tr. 13-33, and the Appeals Council denied review.  Tr. 1-6.  Plaintiff appealed to the U.S. District Court, and on July 24, 2020, the Honorable Rosanna Malouf Peterson issued an order remanding the matter for additional proceedings.  Tr. 1577-99.

On January 19, 2021, Plaintiff appeared at a second hearing, Tr. 1529-57, and on February 3, 2021, the ALJ issued a second unfavorable decision.  Tr. 1497-1527.  The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

---

[1] The last initial of the deceased claimant and the person acting on his behalf is used to protect privacy.  The deceased claimant is referenced herein as "Plaintiff" for clarity.

ORDER - 2

**BACKGROUND**

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was 34 years old at the time of the 2018 hearing. Tr. 41.   He had work experience as a carpenter. Tr. 58.   At the January 2021 hearing, Plaintiff testified his anxiety had become worse since the previous hearing. Tr. 1534.  He had a shoulder injury in 2013. Tr. 44.  The pain has been getting worse the longer it went uncorrected.  Tr. 47.  He had asthma.  Tr. 44.  He had a spinal fusion in July 2016 which helped "tremendously," but he still had pain.  Tr. 45.  His sciatic nerve was damaged causing flare-ups all the time. Tr. 45.  He testified he cannot sit, stand, lie down for too long.  Tr. 45.  He would occasionally use a cane.  Tr. 46.  He would take ibuprofen for his pains.  Tr. 47.  He would need to lie down for 15-30 minutes two or three times per day.  Tr. 54.

At the January 2021 hearing, Plaintiff testified that his anxiety had become "exponentially worse" since the previous hearing.  Tr. 1533.  He would do anything to avoid being around people.  Tr. 1547.  His back pain had gotten worse.  Tr. 1535. When he is more active, the pain gets worse.  Tr. 1545.  His shoulder pain had

gotten better because he would favor it.  Tr. 1535.  He could not lift above the middle axis.  Tr. 1539.  Walking exacerbated his breathing issues.  Tr. 1537.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's

decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is

engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work

ORDER - 6

activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

ORDER - 7

step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since November 1, 2014, the alleged onset date. Tr. 1503. At step two, the ALJ found that Plaintiff has the following severe impairments: asthma/chronic obstructive pulmonary disease (COPD); degenerative disc disease; spondylolisthesis; a history of hernias; a history of left shoulder dislocation with a Hill-Sachs deformity and a healed bony Bankart lesion; hepatitis C; a depressive disorder; anxiety; and history of alcohol, marijuana, and opiate abuse. Tr. 1503.

At step three, Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 1504. The ALJ then found that Plaintiff has the residual functional capacity to perform light work with the following additional limitations:

> [H]e can occasionally engage in overhead reaching with the non-dominant left upper extremity. He can frequently kneel, crouch, and climb ramps and stairs. The claimant can occasionally stoop, crawl, and climb ladders and scaffolds. He is limited to no concentrated exposure to hazards, such as unprotected heights, working with heavy machinery, or operating a motor vehicle. He is limited to no concentrated exposure to airborne irritants, such as dust, fumes, and gases. The claimant is limited to simple, routine, and repetitive tasks and simple work-related decisions. He is limited to occasional

ORDER - 8

interaction with supervisors and coworkers.  The claimant should have only superficial contact with the general public with no direct contact.

Tr. 1506.

At step four, the ALJ found that Plaintiff is unable to perform past relevant work.  Tr. 1518.   At step five, after considering and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform such as routing clerk, hand packager inspector, and garment sorter.  Tr. 1519.  Thus, the ALJ determined that Plaintiff has not been disabled within the meaning of the Social Security Act at any time from November 1, 2014, through the date of the decision. Tr. 1520.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II and supplemental security income under Title XVI of the Social Security Act.  ECF No. 16.  Plaintiff raises the following issues for review:

1.  Whether the ALJ properly evaluated Plaintiff's hand impairments at step two;

2.  Whether the ALJ properly considered the medical opinion evidence; and

3.  Whether the ALJ properly considered Plaintiff's subjective complaints.

ECF No. 16 at 2.

ORDER - 9

1

2

3

4

**DISCUSSION**

5

**A.    Title XVI**

6         Before reaching Plaintiff's assignments of error, the Court must address

7    Defendant's argument that Plaintiff's Title XVI claim should be dismissed.  ECF

8    No. 17 at 2.  Plaintiff died in February 2021, after the ALJ's decision and before this

9    case was filed.  ECF No. 2.  Pursuant to 42 U.S.C. § 1383(b), a claimant's right to

10   Title XVI benefits is generally extinguished upon the death of the claimant unless

11   there is a surviving eligible spouse or in other circumstances inapplicable here.  *See*

12   20 C.F.R. § 416.542(b)(1).  Plaintiff died without a surviving spouse.  Thus, the SSI

13   claim is extinguished and should be dismissed.

14        Plaintiff argues the Title XVI claim should not be dismissed because the State

15   of Washington paid interim assistance to Plaintiff and regulations and policies

16   provide that back payments of SSI may first be paid to reimburse the state for public

17   assistance received.  ECF No. 18 at 2-4.  However, Plaintiff cites no authority giving

18   him standing to pursue reimbursement of state benefits paid by the State of

19   Washington and the Court finds none.  *See Parra v. Astrue*, 481 F.3d 742, 745 (9th

20   Cir. 2007) (noting that "because [the claimant] died without a surviving spouse, the

21   ALJ dismissed the claim for SSI benefits"); *Mendoza v. Astrue*, 237 F. App'x 164,

165 (9th Cir. 2007) (concluding death of claimant mooted her Title XVI claim for SSI benefits); *Joshua G. v. Kijakazi*, No. 4:20-CV-05188-ACE, 2022 WL 4596701, at *1 (E.D. Wash. July 26, 2022), *report and recommendation adopted,* No. 4:20-CV-05188-MKD, 2022 WL 4596700 (E.D. Wash. Aug. 12, 2022) (dismissing Title XVI claim for lack of standing when claimant died before commencement of suit); *Casares v. Kijakazi*, No. 1:21-CV-1506-HBK, 2022 WL 891287, at *1 (E.D. Cal. Mar. 25, 2022) (dismissing Title XVI claim as extinguished on unmarried claimant's death); *Reveles v. Comm'r of Soc. Sec. Admin.*, No. CV-17-1024-PHX-DKD, 2018 WL 330053, at *1 (D. Ariz. Jan. 9, 2018) (finding claimant's death "extinguished her Title XVI claim and left only her Title II claim to be pursued by her son's father"); *Hutzler v. Colvin*, No. 2:12-CV-512, 2013 WL 4805969, at *1 (D. Utah Sept. 9, 2013) (finding unmarried claimant's death extinguished her claim for SSI); *see also Sue B. v. Comm'r of Soc. Sec.*, No. 1:21-CV-00259, 2023 WL 1109741, at *1 (W.D.N.Y. Jan. 30, 2023) ("Since Plaintiff did not leave a spouse at the time of her death, and was not a disabled child living her parent, her Title XVI claim extinguished upon her death."); *Portland G. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01035-EAW, 2023 WL 1097459, at *2 (W.D.N.Y. Jan. 30, 2023) (finding claimant's Title XVI claim extinguished upon her death since she did not leave a surviving spouse); *Lucas ex rel. McCoy v. Astrue*, No. 2:11-CV-00429, 2012 WL 1085537, at *1 (S.D. Ohio Mar. 30, 2012), *report and recommendation adopted,* No. 2:11-CV-429, 2012 WL 2576640 (S.D. Ohio July 3, 2012) (dismissing claim for SSI

benefits because claimant's son did not have standing to pursue the Title XVI claim after her death); *Hall ex rel. Hall v. Astrue*, No. 3:10-CV-143-RLY-WGH, 2011 WL 4625949, at *1 (S.D. Ind. Sept. 30, 2011), *aff'd,* 489 F. App'x 956 (7th Cir. 2012) (noting rights under Title XVI are generally extinguished upon the death of the claimant and concluding the court had no jurisdiction of Title XVI claim brought by mother of deceased claimant).

Accordingly, the Title XVI claim is dismissed for lack of jurisdiction under FRCP 12(b)(1).

**B.    Relevant Period**

Because only the Title II claim remains, disability must be established before the date last insured.  See 42 U.S.C. § 423(c); 20 C.F.R. § 404.1520.  The period of consideration for disability insurance benefits begins with the alleged onset and ends on the date the claimant was last insured for disability.  *See Vertigan v. Halter*, 260 F.3d 1044, 1047 n.1 (9th Cir. 2001).  Plaintiff must therefore establish disability between November 1, 2014, and September 30, 2015.  Tr. 185, 291.  Generally, evidence outside the "actual period at issue" is of limited relevance.  *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010).  However, to the extent evidence relates to the period at issue or is relevant to establishing disability during that period of eligibility, it may be considered.

**C.    Step Two**

Plaintiff contends the ALJ erred by failing to properly determine his hand impairments at step two. ECF No. 16 at 4. At step two of the sequential process, the ALJ must determine whether there is a medically determinable impairment established by objective medical evidence from an acceptable medical source. 20 C.F.R. § 416.921. The impairment must be shown by "medically acceptable clinical and laboratory diagnostic techniques." *Id.* A statement of symptoms, a diagnosis, or a medical opinion does not establish the existence of an impairment. *Id*. After a medically determinable impairment is established, the ALJ must determine whether the impairment is "severe;" i.e., one that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c). However, the fact that a medically determinable condition exists does not automatically mean the symptoms are "severe" or "disabling" as defined by the Social Security regulations. *See* e.g., *Edlund*, 253 F.3d at 1159-60; *Fair*, 885 F.2d at 603; *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).

Step two is not meant to identify the impairments that should be considered when determining the RFC. *Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017). In fact, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Social Security Ruling (S.S.R.) 96-8p, 1996 WL 374184, at *5 (July 2, 1996). Thus, the ALJ must consider the effect of all impairments, including

medically determinable but non-severe impairments, in evaluating the RFC. 20 C.F.R. § 416.945(a)(2).

Plaintiff argues his hand conditions should have been identified by the ALJ as medically determinable impairments. ECF No. 16 at 4-5. The first evidence cited by Plaintiff is an assessment of carpal tunnel syndrome from a treating provider in October 2016. ECF No. 16 at 4 (citing Tr. 860). As noted *supra*, a medically determinable impairment can only be established by medically acceptable clinical and laboratory diagnostic techniques and not by diagnosis alone. 20 C.F.R. § 416.921. Other evidence cited by Plaintiff regarding carpal tunnel and cubital tunnel syndrome is from 2019. ECF No. 16 at 4-5 (citing Tr. 1908). Even assuming *arguendo* that the ALJ erred in considering this evidence (and the Court does not so find), there is no evidence establishing hand limitations during the relevant period. Thus, any error by the ALJ in failing to find a hand condition a medically determinable impairment is harmless.

**D.    Symptom Testimony**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be

expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester*, 81 F.3d at 834); *see also Thomas*, 278 F.3d at 958 ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and her conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from

physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

The ALJ first found the objective medical evidence is not consistent with the symptoms and limitations alleged by Plaintiff. Tr. 1508-14. While subjective pain testimony may not be rejected solely because it is not corroborated by objective medical findings, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ discussed the objective evidence regarding each of Plaintiff's primary impairments and made findings accordingly. Tr. 1508-14. Having reviewed the ALJ's findings and the record in detail, the Court observes that most of the ALJ's discussion of the objective evidence regarding Plaintiff's back impairment, shoulder impairment, asthma, hepatitis C, and mental health involves records from outside the relevant period. Tr. 1508-14. The Court notes records during the relevant period are limited, suggesting that perhaps there is insufficient evidence of one more of Plaintiff's conditions during that time period. *See* Tr. 376-81, 496-98, 670-76, 717-857, 844-52. However, because the ALJ's assessment of Plaintiff's allegations is significantly based on the assessment of the objective evidence, and because a significant portion of the objective evidence relied upon by the ALJ may now be less relevant, the ALJ's finding that Plaintiff's claims are

inconsistent with the objective evidence must be reassessed in light of Plaintiff's date last insured.

For example, most of the ALJ's discussion of Plaintiff's back impairment focuses on Plaintiff's condition post-July 2016 surgery.  Tr.  1508-09.  Plaintiff's condition after surgery may be less relevant to establishing disability before September 30, 2015, Plaintiff's date last insured.  Similarly, the ALJ considered Plaintiff's asthma starting with an exam record from 2018.  Tr. 1510.  Since Plaintiff's asthma has existed since childhood, its impact on Plaintiff's functioning should be reevaluated in the context of the relevant period.  The ALJ's discussion of Plaintiff's shoulder impairment, hepatitis C, and mental health issues all similarly need to be reassessed based on records relevant to establishing disability before his date last insured.  It is the ALJ's duty, not the Court's, to weigh the evidence and make appropriate findings.  The ALJ, not this court, is responsible for reviewing the evidence and resolving conflicts or ambiguities.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989); *see Richardson v. Perales*, 402 U.S. 389, 400 (1971).  The Court cannot substitute its conclusions for the ALJ's or speculate as to the ALJ's possible conclusions.  *See Bunnell,* 947 F.2d at 346.  The matter must be remanded for reconsideration of the evidence in light of the relevant period.

Additionally, the ALJ found that Plaintiff's activities of daily living are not entirely consistent with allegations of debilitating symptoms and limitations.  Tr. 1514.  It is reasonable for an ALJ to consider a claimant's activities which

ORDER - 17

undermine claims of totally disabling pain in evaluating symptom claims. *See Rollins*, 261 F.3d at 857. However, it is well-established that a claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits, *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987), and a claimant need not be utterly incapacitated in order to be eligible for benefits, *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Many activities are not easily transferable to what may be the more grueling environment of the workplace, where it might not be possible to rest or take medication. *Id.* The activities identified by the ALJ as inconsistent with Plaintiff's allegations are his ability to attend to daily activities, maintain hygiene, manage medication, and accomplish tasks around the house with breaks; manage bills, buy groceries, use public transportation; request paperwork; prepare food, medications, attend doctor visits; attend 12-step meetings; attend church support group; helping his housemate with cooking and cleaning; preparing simple meals, although he cannot take the garbage out because it requires stairs. Tr. 1514 (citing B9F3, B20F47, B23F139). Most of these activities are basic survival activities which can be done at a pace and rate consistent with Plaintiff's allegations. The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison*, 759 F.3d at 1016; *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir.

ORDER - 18

2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from [his testimony] as to [his] overall disability.").  The ALJ cited no evidence suggesting that the limited activities cited in the decision were performed by Plaintiff in a manner transferable to a work setting, nor did the ALJ describe how these activities contradict his reported symptom claims.  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).  This reason is not supported by substantial evidence.

Defendant asserts the ALJ gave a third reason for giving less than full credit Plaintiff's pain and symptom allegations, which is that Plaintiff did not take prescription pain medications.  ECF No. 17 at 9.  The Court notes that while the ALJ cited significant portions of the record in evaluating Plaintiff's symptom claims, providing a summary of medical evidence is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible.  *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015).  The ALJ's passing comments about a lack of prescription medication may not qualify as a clear and convincing reasons supported by substantial evidence.  Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).  Since this matter is remanded for reevaluation of disability

ORDER - 19

before the closed period, the ALJ should ensure that any reasons provided for

giving less weight to Plaintiff's symptom claims are clearly stated and properly

supported by substantial evidence.

**E.    Medical Opinions**

Plaintiff contends the ALJ improperly evaluated the opinions of Charles

Miller, M.D., who completed two evaluations in April 2018 (Tr. 993-97, 1191-92,

and a third evaluation in December 2019 (Tr. 2289-93); A. Massenburg, PA-C,

who completed an evaluation in April 2016; Jennifer Olson, PA-C, who completed

an evaluation in January 2016 (Tr. 975-77); David T. Morgan, Ph.D., who

completed an evaluation in February 2020 (Tr. 2069-74); and R. Renee

Eisenhauer, who completed a review of the evidence in February 2020 (Tr. 2302-

23).

There are three types of physicians: "(1) those who treat the claimant

(treating physicians); (2) those who examine but do not treat the claimant

(examining physicians); and (3) those who neither examine nor treat the claimant

but who review the claimant's file (nonexamining or reviewing physicians)."

*Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted).

"Generally, a treating physician's opinion carries more weight than an examining

physician's, and an examining physician's opinion carries more weight than a

reviewing physician's." *Id*.  "In addition, the regulations give more weight to

opinions that are explained than to those that are not, and to the opinions of

specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).[2]

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).

---

[2] For claims filed on or after March 27, 2017, the regulations changed the framework for evaluation of medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The Appeals Council directed the ALJ to consider Plaintiff's consolidated claim under the prior regulations. Tr. 1602.

ORDER - 21

Further, the opinion of an acceptable medical source, such as a physician or psychologist, is given more weight than that of an "other source."  20 C.F.R. § 416.927 (2012); *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996).  "Other sources" include nurse practitioners, physician assistants, therapists, teachers, social workers, spouses, and other non-medical sources.  20 C.F.R. § 416.913(d) (2013).  However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work."  *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987).  Pursuant to *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993), an ALJ must give reasons germane to "other source" testimony before discounting it.

All of the medical opinions at issue are dated after Plaintiff's date last insured.  Due to the dismissal of the SSI claim, the ALJ must reevaluate the medical and psychological opinion evidence to determine whether any opinion or opinions relate back to the period before Plaintiff's date last insured and assign weight accordingly.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.

Accordingly,

1.    Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED in part**.

ORDER - 22

2.    Defendant's Motion for Summary Judgment, **ECF No. 17**, is

**GRANTED in part** and **DENIED in part.**  Plaintiff's Title XVI claim is dismissed.

3.    This case is **REVERSED** and **REMANDED** for further administrative

proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. §

405(g).

4.    Upon proper presentation, this Court will consider Plaintiff's application

for costs, expenses, and reasonable attorney's fees under the Equal Access to Justice

Act, 28 U.S.C. § 2412(a), (d).

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order

and provide copies to counsel.  Judgment shall be entered for Plaintiff and the file

shall be **CLOSED**.

**DATED** August 28, 2023.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 23